IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRYL LEE CHERRY, | : | Civil Action No. 04-292 ERIE |
| Plaintiff, | : | HONORABLE, JUDGE MCLAUGHLIN MAGISTRATE JUDGE BAXTER |
| v. | : | |
| UNITED STATES OF AMERICA, et al., | : | **PLAINTIFF'S MOTION FOR AN EXTENTION OF TIME IN WHICH TO FILE A RESPONSE TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** |
| Defendants. | : | |
| | : | |

Plaintiff, Darryl Lee Cherry, pro se litigant, in the above-entitled case is hereby and respectfully requesting an extension of time in which to file a formal reply, in opposition to defendant's motion to dismiss or, in the alternative, motion for summary judgment, pursuant to Fed.R.Civ. P. 6. Therefore, for the following just cause shown, this Motion should be Granted in the interest of Justice:

1). It is imperative that defendant's motion be denied because said motion is in technical violation of the federal Rules of Civil Procedure, as well as laws governed by our American Jurisprudence and Constitutional Amendment's safeguard and guarantees.

2). Plaintiff, Darryl Lee Cherry, will require a thirty (30) day extention of time, in which to respond to such, in that at this juncture in his Civil Rights Complaint, the Government and Defendants are bombarding pro se Plaintiff, Darryl Lee Cherry, (hereinafter referred to as "Cherry"), with a barrage amont of documents that must be answered, and is in the process of being responded to by Plaintiff.

3). Furthermore, Plaintiff is presently in the process of petitioning the Court for an Order pursuant to 28 U.S.C. § 1915 (e)(1), in that, (1) the Plaintiff in this case will require compentent attorney representation, because he lacks the ability to present an effective case without an attorney; (2) the legal issues

are now becoming complex for Plaintiff, to wit, Cherry lacks familiarity with the Rules of Evidence and Discovery needed to translate understanding of the law into presentation of the proof, therefore, it would in no way prejudice the defendant(s) herein, as the United States of America, and the defendant(s) represented thereby, has full access to a host of counsel representation, which for the most part, makes the disputed issues grossly unleveled.

4). In hindsight, Plaintiff, Cherry, states that he has limited access to the prison law library and because of defendants extensive and lengthy brief and exhibits will require an extension of time in which to respond to defendant's motion to dismiss, or in the alternative, motion for summary judgment to include October 31, 2005.

5). In sum because Plaintiff is incarcerated he is only allowed two hours per day in the prison law library to prepare a traverse to defendant(s) motion.

WHEREFORE, for all the reason stated above, the Plaintiff, Cherry, repectfully prays the Court will Grant his Motion for an Extending the time, in which to file a traverse reply to defendant's motion to dismiss or, in the alternative, motion for summary judgment to enclude October 31, 2005. This motion is brought in good faith and for a just cause.

Darryl Lee Cherry, pro se
Register No. 07928-078
Federal Correctional Institution
P.O. Box 8000
Bradford, Pennsylvania  16701

dlc/DLC
encl.

CERTIFICATE OF SERVICE

This is to certify that I have mailed a true and correct copy of this Memorandum to Ms. Megan E. Farrell, Assistant U.S. Attorney, Western District of Pennsylvania, 700 Grant Street, Suite 4000, Pittsburgh, Pennsylvania 15219, first class mail, postage prepaid on this 10 day of Oct, 2005. 28 U.S.C. § 1746.

*Darryl Cherry*
DARRYL LEE CHERRY, pro se