```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| DARRYL LEE CHERRY, | ) |
| Plaintiff, | ) CIVIL ACTION NO. 04-292 ERIE |
| vs. | ) JUDGE MCLAUGHLIN |
| | MAGISTRATE JUDGE BAXTER |
| UNITED STATES OF AMERICA, et al., | ) |
| Defendants. | ) |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

The Plaintiff, Darryl Lee Cherry, respectfully submit this Brief in Opposition to Defendant's Motion to Dismiss or, In the Alternative, Motion for Summary Judgment. This is a combine Bivens/Federal Tort Claims Act Complaint against the United States of America; Doctor Olson, FCI McKean; Doctor Beam, FCI McKean; Mr. Smith, Hospital Administrator, FCI McKean; James F. Sherman, Warden FCI McKean; D. Scott Dodrill, Bureau of Prisons Northeast Regional Director; Harrell Watts, Bureau of Prisons Central Office Administrator; and Newton E. Kendig, Bureau of Prisons Medical Director, all employees of the Federal Bureau of Prisons.

Cherry is a pro se litigant in this action who is a prisoner confined at the Federal Correctional Institution McKean. The Plaintiff is seeking damages based on defendant's unlawful, willful, wanton, and reckless disregard of rights guaranteed under the Fifth and Eighth Amendments of the United States Constitution; wrongs of deliberate indifference to Cherry's serious medical needs; unsound medical delay causing the Plaintiff to suffer unnecessary pain and suffering; derelict of duty; gross negligence, and a failure to follow Federal Bureau of Prisons Clinical Practice Guidelines for the Prevention and Treatment of Viral Hepatitis (Feb.2003). In support of Plaintiff's Opposition, he would respectfully submit the following:

## DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT

Defendants in this action has brought a Motion to Dismiss or in the Alternative, Motion for Summary Judgment based on what defendants has mistaken as Lack of Subject Matter Jurisdiction; Lack of Personal Jurisdiction; Failure to State a Claim; and Plaintiff's FTCA Claim Should be Dismissed. Defendants further alleged that "[I]ndividual Defendants Watt and Kendig Should be Dismissed Because They Lack the Requisite Contacts With Pennsylvania; Plaintiff's Bivens Claim Fails Becuase He Cannot Demonstrate That the Individual Defendants Acted With 'Deliberate Indifference'; Individual Defendants Sherman, Smith, Dodrill, Watts and Kendig Should be Dismissed Because They Merely Deferred to the Medical Professionals Already Treating Plaintiff; Plaintiff's Treating Physicians, Individual Defendants Olson and Beam, Should be Dismissed Because Plaintiff Cannot Prove They Acted With Deliberate Indifference; The Individual Defendants Are Not Proper Parties to the FTCA Claim; and Plaintiff Failed to Exhause his Administrative Remedy Under the FCTA."

The Plaintiff would respectfully submit that Defendants' Motion to Dismiss or in the Alternative, Motion for Summary Judgment was not well taken, brought in bad faith, and Plaintiff is entitled to the relief sought in his action. The Plaintiff has not began his discovery process in this case from the Defendants. Because of complex medical terms of this case, and possibly expert opinions and testimony, the Plaintiff will move the Court for appointment of counsel.

This is a case where the Plaintiff is a prisoner who is suffering from chronic Hepatitis C, and has sought a liver biopsy to determine the presence of fibrosis, inflammation and necrosis of his liver, and what future treatments may be needed as to antiviral therapy. The Plaintiff does have a history of alcohol abuse and at his age, and the amount of time he is expected to be incarcerated, a biopsy could facilitate development of a long term treatment plan. However, the

Defendants have straightforwardly neglected to provide such a biopsy that has now caused the Plaintiff back pain, numbness, reduced vision, muscle and joint pain, and believes that by not providing the biopsy to determine the damage to his liver as a result of Plaintiff's chronic Hepatitis C condition. Hepatitis C is considered "the silent death." If Plaintiff's conditions is left untreated as the Defendants are doing in this case, and have done in the past, Hepatitis C, Cirrhosis can lead to the Plaintiff's death.

The Plaintiff would respectfully submit that the Defendants allegations that his claims are totally merits are unfounded. First, Cherry is pro se litigant and the Court should not dismiss or grant a summary judgment without assurance that under the claims of Plaintiff's pro se complaint, which should be held to less stringent standards than formal pleadings drafted by lawyers, it appears beyond doubt that the plaintiff can not prove facts in supprot of his claim which would entitle him to relief. See e.g., Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.ED.2d 80 (1957). In this particular case, Cherry has clearly pleaded sufficient facts to state a claim for which he is entitled to relief regarding defendants unlawful acts act of deliberate indifference to his serious medical needs, and gross negligence by defendants intentional failure to provide plaintiff with the appropriate medical care to meet his serious medical needs, as a prima facie case, which the Plaintiff should be permitted to move forward with in this action. Therefore, the Defendants motion to dismiss and for summary judgment was not brought in good faith, and should be dismissed at this time as meritless.

## PLAINTIFF HAS PLEADED SUFFICIENT FACTS
## UNDER FEDERAL RULE OF CIVIL PROCEDURE 8

The Plaintiff respectfully submits that the threshold of sufficient that a complaint must meet to survive dismissal for failure to state a claim is exceedingly low.  See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corporation, 711 F.2d 989, 995 (11th Cir. 1983); i.g., Lombard's Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).  Generally, notice pleading is all that is required for a valid complaint, and the plaintiff need only give the defendants fair notice of his claims and the grounds upon which they rest.  Id.  Federal Rule of Civil Procedure 8 outlines the standard by which the adequacy of pleadings are to be judged.  Rule 8(a)(2) requires the Plaintiff to  provide in the complaint a "short and plain statement of the claim showing that the pleader is entitled to relief."  The plaintiff need not set forth all the facts upon which the claim is based; rather, a short and plain statement is sufficient it it gives the Defendants fair notice of what the claim is and the grounds upon which it rests.  In addition to Rule 8(a), Rule 8(e)(1) states that each "averment of a pleading shall be simple, concise, and direct.  No technical forms of pleading or motions are required."  Taken together, Rule 8(a) and 8(e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

The Plaintiff contends that these rules reflect the basic philosophy of the Federal Rules of Civil Procedure that simplicity, flexibility, and the absence of legalistic technicality are the touchstones of a good procedural system.  5 Wright & Miller, Federal Practice and Procedure: Civil 2d § 1217 at p. 169.  The true test of the sufficiency of the complaint is whether it provides adequate notice to Defendants to make the Defendants aware of the basis of the claims.  The

theory is that more detailed information should be developed through the discovery process. Because of the liberal pleading requirements of the Federal Rules, rarely will a motion to dismiss for failure to state a claim be granted. By notice pleading, the Supreme Court meant that the complaint need only "give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). See Quality Food, 711 F.2d at 995. Applying these principles, the Court should hold that Plaintiff's claims gross negligence, deliberate indifference to his serious medical needs, unsound medical delay, intentionally causing Plaintiff to suffer unnecessary pain, and failure to provide adequate medical care, sets forth sufficient factual allegations to state a claim for relief. Therefore, the defendants arguments of failure to state a claim is totally frivolous and meritless, and at this time should be dismissed.

## PLAINTIFF'S FTCA CLAIM WAS PROPERLY PLEADED

In the instant case, the Plaintiff amendment his complaint to include his claims under the Federal Tort Claims Act. The Plaintiff submits that the United States may be held liable for negligent or wrongful acts by federal employees committed while acting within the scope of their employment under the FTCA. Specifically, 28 U.S.C. § 1346(b) grants federal district courts jurisdiction over a certain category of claims for which the United States has waived its sovereign immunity. The United States is liable to the claimant in accordance with the law of the place where the act or ommission occurred. See id.; see also 28 U.S.C. § 2674 (1994). The FTCA provides for a limited waiver of sovereign for common law torts when the government's employees act negligently within the scope of their employment. However, the FTCA does not waive sovereign immunity with respect

to constitutional torts. See FDIC v. Meyer, 510 U.S. 471, 477-78 (1994). However, in this case, the claims brought by the Plaintiff under the FTCA are not constitutional in nature, and the United States have rendered itself liable under 28 U.S.C. § 1346.

The Plaintiff submits that in general, leave to file an amended "shall be freely given as justice so requires." Fed.R.Civ.P. 15(a). The United States Supreme Court has held that leave to amend under Rule 15 should be denied only in certain circumstances:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – leave sought should, as the rules require, be "freely given."

See Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). See also Harrison Beverage Co. v. Dribeck Importers Inc., 133 F.R.D. 463, 468 (D.N.J. 1990)(citing Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc., 663 F.2d 419, 425 (3d Cir. 1981) cert. denied sub nom. F.D. Rich Housing of the Virgin Island, Inc. v. Gov't of the Virgin Island, 455 U.S. 1018, 102 S.Ct. 1714, 72 L.Ed.2d 136 (1982). The United States Court of Appeals for the Third Circuit has demonstrated a strong liberality in allowing amendments under Rule 15(a) in order to ensure that claims will be decided on the merits, rather than on legal technicalities. Dole v. Arco Chemical Co., 921 F.2d 484, 487 (3d Cir. 1990); Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989). Cherry's FTCA claim is not time barred and the Court does have jurisdiction thereof. See attached Exhibit "A". In this particular case, the plaintiff's amended complaint was not brought in bad faith, or dilatory motives and is not futile nor prejudice the defendants in this case or cause undue delay.

The Plaintiff asserts that in deciding the present motion, the Court is

mindful that the plaintiff is proceeding <u>pro se</u> and that his submissions should be held to less stringent standards than formal pleadings drafted by lawyers. See i.g., <u>Huges v. Rowe</u>, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)( per curiam) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). Indeed, the Court in this case should "read the pleadings of the Plaintiff liberally and interpret them to raise the strongest arguments that they suggest.

The Plaintiff contends that he is entitled to compensatory damages under the FTCA and each element of his claims is supported by his statement of facts, and proceeding claim for relief. In fact, the Plaintiff has already demonstrated by a preponderance of the evidence a prima facie case under the FTCA that places the United States liable for damages, which in fact, Plaintiff exhaustion of his claims with the Bureau of Prisons under 28 U.S.C. § 2675, constitutes a clear waiver of sovereign immunity as applied under the FTCA to the Bureau of Prisons under 28 Code of Federal Regulations § 543.30, and Bureau of Prisons Program Statement 1320.06. Bureau of Prisons Program Statement 1320.06(7)(a), <u>Who may file a claim</u>; and 28 Code of Federal Regulations § 543.31(a), specifically states: "[Y]ou may file a claim if you are the injured person or the owner of the damaged or lost property." In this case, Plaintiff was clearly abused, the defendants were clearly gross negligent in their caring for the Plaintiff, and each of the defendants were deliberate indifference to the Plaintiff serious life threatening illness, and were malicious in depriving Plaintiff of adequate medical care. These particular acts were committed by employees of the United States, specifically the Federal Bureau of prisons, and who's custody the Plaintiff is incarcerated in.

In sum, the Plaintiff clearly complied with Bureau of Prisons Program statement 1320.06 and 28 CFR § 543.30, in presenting his Administrative Tort Claim, which provided a remedy under the FTCA, and guaranteed Plaintiff's access to the

District Court to adjudicate his claim as a <u>pro</u> <u>se</u> litigant under the Prison Litigation Reform Act.  See 42 U.S.C. § 1997e(a); 28 U.S.C. § 1346(a)(1); 28 U.S.C. § 2674.  Therefore, the FCTA constitutes a waiver of the sovereign immunity of the United States, allowing the United States to be liable in this particular case.  See <u>Simon v. United States</u>, 341 F.3d 193, 200 (3d Cir. 2003); <u>Matsko v. United States</u>, 372 F.3d 556, 559 (3d Cir. 2004).

The Plaintiff would now submit that in <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 513, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), the Supreme Court mandated a liberal pleading standard for civil complaints under Federal Rules of Civil Procedure 8(a).  In this particular case, the Plaintiff is not a lawyer and did not have the assistance of one in drafting the complaint, however, the complaint in this case, though artless, provided adequate notice of legal claims that was factually supported and certainly entitled Cherry to relief under the FTCA and <u>Bivens</u>.  Further, under the FTCA, exhaustion accurs once a claimant has presented the appropriate federal agency with a claim describing the alleged injury eith particularity and setting forth a "sum certain" of damages, and the agency has (1) denied the claim in writing or (2) failed to provide a final disposition within six months of the claim's filing.  See 28 U.S.C. § 2675(a).  See Plaintiff attached Exhibit "A".  The Court clearly has jurisdiction to entertain Cherry's FTCA claims arising from certain torts committed by federal employees in the scope of the employment, and waives the United States sovereign immunity from such claims.  See 28 U.S.C. §§ 1346(b) and 2674.  Therefore, the defendants claim that the lack jurisdiction in this case is moot, and doesn't have absolutely any merits at all.

Lastly, Cherry will now reiterate for the second time in his opposition, that a <u>pro</u> <u>se</u> complaint, no matter how unartfully pleaded, must survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim unless "it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief." Haines v. Kerner, 404 U.S. 519, 520-21, (1972)(per curiam). Where Cherry's complaint contains a potentially cognizable claim, he should be allowed to particularize his claims under both Bivens and the FTCA. Therefore, Defendants Motion to Dismiss or in the Alternative, Motion for Summary Judgment should be denied in it's entirety. It would patently unfair to dismiss any of Plaintiff's claims without affording him a reasonable opportunity for discovery. While Plaintiff firmly states that Defendant's Motion is not well taken and should be denied out right, Plaintiff respectfully requests that the Court stay the disposition of Defendant's motion as an alternative until Plaintiff has been afforded the opportunity to review Defendants' Initial Disclosures and conduct minimal discovery, at the least, having the opportunity to dispose the party Defendants.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully states that Defendants' Motion to Dismiss or in the Alternative, Motion for Summary Judgment is not well taken and should be denied.

This opposition is brought in good faith and for a just cause.

Dated: Oct/27/2005

Respectfully submitted,

DARRYL LEE CHERRY, pro se
Federal Register No. 07928-078
Federal Correctional Institution
McKean
P.O. Box 8000
Bradford, Pennsylvania  16701

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have mailed a true and correct copy of this opposition to Ms. Megan E. Farrell, AUSA, Office of the U.S. Attorney, 700 Grant Street, Suite 4000, Pittsburgh, Pennsylvania 15219, first class mail, postage prepaid on this __27__ day of __October__, 2005.  28 U.S.C. § 1746.

                                                                             */s/ Darryl Cherry*
                                                                             DARRYL LEE CHERRY, pro se

UNITED STATES GOVERNMENT

# Memorandum

Northeast Regional Office, Philadelphia, PA
FEDERAL BUREAU OF PRISONS

**DATE:** March 24, 2005

**REPLY TO ATTN OF:** Henry J. Sadowski, Regional Counsel

**SUBJECT:** Administrative Tort Claim No. TRT-NER-2005-00083

**TO:** Darryl Lee Cherry, Reg. No. 07928-078
FCI McKean

Your Administrative Tort Claim No. TRT-NER-2005-00083, properly received in this office on October 4, 2004, has been considered for settlement as provided by the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2672, under authority delegated to me by 28 C.F.R. § 543.30. You seek compensatory damages in the amount of $10,000,000.00 for an alleged personal injury. Specifically, you claim you have been denied appropriate treatment for your Hepatitis C virus, causing you permanent liver damage, back pain, numbness, reduced vision, muscle and joint pains.

After careful review of this claim, I have decided not to offer a settlement. Investigation reveals you were diagnoses with Hepatitis C on July 26, 2000, at which time you were placed on chronic care clinic. Since that time, you have been seen on chronic care clinic every three (3) months for evaluation. You have had lab work completed on a regular basis to check liver function. Your liver function tests have not been elevated significantly enough to meet the criteria to receive a liver biopsy or treatment with interferon/ribaviron. Your condition will continue to be monitored closely. You will be provided appropriate medical treatment for the symptoms you present. You fail to show you have actually experienced a personal injury as the result of negligence on the part of any Bureau of Prisons' employee.

Accordingly, your claim is denied. If you are dissatisfied with this decision, you may seek reconsideration from this office or bring an action against the United States in an appropriate United States District Court within six (6) months of the date of this memorandum.

cc: James F. Sherman, Warden, FCI McKean

EXHIBIT A.

A-1

000008

SF 95 (Face)

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and ZIP Code) |
|---|---|
| REGIONAL COUNSEL, NORTHEAST REGIONAL OFFICE U.S. CUSTOM HOUSE - 7TH FLOOR, 2ND & CHESTNUT STREETS, PHILADELPHIA, PA. 19106 | DARRLY LEE CHERRY, REG. NO. 07928-078 FCI-MCKEAN, P.O. BOX 8000, BRADFORD PA 16701 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☐ CIVILIAN | | S | FROM JAN.2003-PRESENT | 24/HOUR/DAY & 7 DAYS/W |

8. Basis of Claim (State in detail the known the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.) BOP MCKEAN MEDICAL STAFF NEGLIGENT REFUSAL TO TREAT MY HEPATITIS C.VIRUS AND REFUSED MY REQUEST FOR A LIVER BIOPSY HAVE CAUSED ME PERMANENT LIVER DAMAGE, BACK PAIN, NUMBNESS, REDUCED VISION, MUSCLE AND JOINT PAINS.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and ZIP Code)

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on the reverse side.)

N/A

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

SEE ATTACHED.

11. WITNESSES

OCT - 4 2004

| NAME | ADDRESS (Number, street, city, State, and ZIP Code |
|---|---|
| N/A | N/A |

12. (See instructions on reverse)    AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| N/A | $10, MILLION | N/A | $10, MILLION |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on revere side.) | 13b. Phone Number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| Darryl Cherry | N/A | 9/28/04 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109
Previous editions not usable.

(This form may be replicated via WP)

NSN 7540-00-634-4046

TRT-NER-2005-00083
A-2

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

EXHIBIT A.
000001

DARRLY LEE CHERRY     REG. NO. 07928-078     ADMINISTRATIVE TORT CLAIM

    Between January 2003 to present date, I repeatedly requested McKean BOP Medical staff in writing, verbally, and through institution health services visits, to treat my Hepatitis C virus which have been diagnosed by BOP and laced on chronic care clinic since July 26, 2000 by FCI-McKean BOP Medical staff. I repeatedly requested that I be treated with FDA approved interferon and ribaviron, and that liver biopsy be perform to determine the extend of my liver damage due to BOP staff negligent refusal to treat my Hepatitis C virus. BOP refusal to conduct a liver biopsy was to conceal the extend of damage to my liver and conceal the knowledge that Cirrhosis of the liver have occurred.

    Chronic infection of the hepatitis C virus is associated with an increase of liver cancer. The prevailing concept is that hepatocellular carcinoma (HCC) (liver cancer) occurs against a background of inflammation (Hepatitis) and regeneration. Most of the cases of HCC occur in the presence of Cirrhosis.

    If left unteated as BOP is currently doing, Hepatitis C, Cirrhosis can lead and often leads to death.

    The Hepatitis C virus is a serious medical condition that the Bureau of Prisons (BOP) own statistic estimated infects thousands of inmates through out the prison system.

    Since 1992, Hepatitis C. Cirrhosis has been treatable through the use of the drug, Interferon, and more effective drugs have been introduced since that time.

    The use of Interferon has shown to lower the rate of progression of HCC (liver cancer) in patients infect with HCC.

    The use of Interferon in Hepatitis C patients has been approved by FDA. I have exhaustive tried to informal resolve this matter but all my efforts have been fruitless. Please see attached.

000002

A-3     EXHIBIT A.

CHERRY, Darryl
Reg. No.: 07928-078
MCK 326198-F2

## PART B-RESPONSE

This is in response to your Request for Administrative Remedy receipted in my office on February 19, 2004, in which you claim you are not receiving appropriate medical care for hepatitis C. Specifically, you request a liver biopsy and treatment with interferon and ribaviron.

An investigation of your complaint reveals you were diagnosed with hepatitis C, and placed on chronic care clinic, July 26, 2000. You are evaluated by the medical officer every three months at chronic care clinic. You are educated as to your condition at each clinic visit. The health services unit follows guidelines set forth by the medical director of the Bureau of Prisons for the treatment of hepatitis. You currently do not fit the guidelines to obtain a liver biopsy or receive medication. You will continue to be evaluated at regular intervals on clinic. If you experience problems with your health between clinic visits you may sign up for sick call.

Based on this information, your Request for Administrative Remedy is denied.

In the event that you are not satisfied with this response, you may appeal within twenty (20) calendar days from the date of this response by submitting a BP-DIR-230 to the regional director.

3/25/04
Date

James F. Sherman, Warden

000003
EXHIBIT A.

A-4

CHERRY, Darryl
Reg. No. 07928-078
Appeal No. 326198-R1
Page One

### Part B - Response

In your appeal, you contend you are not receiving adequate medical care at FCI McKean for the Hepatitis C virus. You state you have not received a liver biopsy, which believe is the current curative treatment for your condition.

A review of your appeal reveals the Warden correctly summarized the medical care you are receiving. Additionally, you were recently evaluated by a staff physician on February 4, 2004. He noted you were not in pain. The physician did not indicate you required a liver biopsy nor that you met the Bureau criteria for interferon and ribaviron treatment at that time. He discussed diet and medication with you and planned to see you again for follow up care. If you still have concerns regarding diet and medication, you must raise these concerns at your next chronic care clinic visit. Medical staff advise that you are receiving appropriate medical care. Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administration Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: May 6, 2004

D. SCOTT DODRILL
Regional Director

000004

A-5                                                          EXHIBIT    A.

Administrative Remedy No. 326198-A1
Part B - Response

This is in response to your Central Office Administrative Remedy Appeal in which you request a liver biopsy and treatment for your Hepatitis C infection.

A review of your medical records reveals your ALT levels have been consistently normal or very near normal for the past two years. BOP guidelines for the treatment of Hepatitis C are based on a large body of scientific literature, much of which is summarized in the NIH Consensus Conference Statement: "Management of Hepatitis C, 2002." These guidelines do not recommend treating every patient with Hepatitis C, since significant liver disease develops in only about 15% of those who are infected. It takes 20 years or more for cirrhosis to develop in this 15% of infected individuals. The serum ALT level is used as an indirect indicator of liver inflammation. Recent research has shown that individuals with persistently normal or near-normal ALT levels are unlikely to have significant or progressive liver disease.

We concur with the findings and decisions of the Institution and Regional Office in that the medical care you are receiving at this time is appropriate. Accordingly, your appeal is denied.

July 21, 2004
Date

Harrell Watts, Administrator
National Inmate Appeals

000005

A-6                                    E X H I B I T    A.

October 27, 2005

OFFICE OF THE CLERK
United States District Court
Western District of Pennsylvania
227 U.S. Courthouse
P.O. Box 1820
Erie, Pennsylvania  16507

    Re: <u>Cherry v. United States, et al.</u>
        Case No. 04-292-ERIE (McLaughlin, J.)
        UNITED STATES MAGISTRATE JUDGE BAXTER

Dear Clerk,

Please find enclosed document to be filed and brought to the attention of the Court in the above reference case.  Also, I have enclosed an extra copy of the first page to be stamped "FILED/DATED" and a self-stamp address envelope to be returned to me for my records.

Should you have any questions concerning my document, please do not hesitate to contact me at my address below.  Thank you in advance for your kindness and courtesy in this matter, and I remain with warm regards.

                              VERY TRULY YOURS,

                              */s/ Darryl Cherry*

                              DARRYL LEE CHERRY
                              Federal Register No. 07928-078
                              Federal Correctional Institution
                              McKean
                              P.O. Box 8000
                              Bradford, Pennsylvania 16701

ths/DLC
encl.
Copy: Ms. Megan E. Farrell, AUSA