```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA
                      ERIE DIVISION

DARRYL LEE CHERRY, pro se,      )
                                )
              Plaintiff,        )   CIVIL ACTION NO. 04-292-ERIE
                                )
v.                              )   JUDGE MCLAUGHLIN
                                )   MAGISTRATE JUDGE BAXTER
UNITED STATES OF AMERICA,       )
et al.,                         )
              Defendants.       )
```

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR APPOINTMENT OF COUNSEL

RECEIVED
JAN 13 2006
CLERK U.S. DIST...
WEST. DIST. OF PENN...

THE PLAINTIFF, Darryl Lee Cherry,, has brought a combined Civil Rights and Federal Tort Claims Act Complaint in which he has claimed numerous issues, which amongst them were gross and negligence deliberate indifference to his medical needs, unsound medical delay that was maliciously intented to inflict pain on the Plaintiff without any medical justification, and contrary to modern medical standards, as well as an indifference to Plaintiff's welfare and safety.

SHOULD THE COURT APPOINT COUNSEL IN THIS CASE ?

ANSWER: In The Affirmative.

THE PLAINTIFF contends that the issues presented in this case are too complex for him to completely litigate without the assistance of counsel. Cherry is presently receiving the aid of a "Jail House Lawyer." Pursuant to its authority under 28 U.S.C. § 1915(e)(1), the Court may attempt to procure an attorney to assist Cherry in this action. In <u>Tabron v. Grace</u>, 6 F.3d 147, 153 (3d Cir. 1993), the Court found that the decision to appoint counsel may be made at any point in the litigation, and may be made by a district court sua sponte. <u>Id</u>. at 156. Cherry's claim has some arguable merits in fact and law.

In this particular case, because of the difficulties of the legal issues, and due to the degree to which the factual investigation will be necessary and the Plaintiff's inability to pursue a investigation on his own, as well as the extent to which this case is likely to turn on credibility determination, and Plaintiff's inability to retain counsel on his own behalf, the Court should in the interest of judicial economy and for good cause, appoint counsel in the instant case. In Montgomery v. Penchak, 294 F.3d 492, 499 (3d Cir. 2002), the Court summarized that "[w]e have cautioned that courts should exercise care in appointing counsel because volunteer lawyers time is a precious commodity and should not be waster on frivolous cases." The issues presented in this case is not without merits, and the Plaintiff has already demonstrated a prima facie case of cruel and unusual punishments based on defendants malicious deprivation of medical care, defendant's indifferences to Plaintiff's welfare and safety, and has established that defendants acted with edliberate indifference to his serious medical needs. See Natale v. Camden County Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003); Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

Finally, only unnecessary wanton infliction of pain or deliberate indifference to the serious medical needs of prisoners are sufficiently egregious to rise to the level of a constitutional violation." See White v. Naploeon, 897 F.2d 103, 108-09 (3d Cir. 1990)(quoting Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Sruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004). In this case, plaintiff's medical problems are serious and defendants were deliberate indifference to his serious medical needs, and have maliciously and intentionally cause him to suffer unnecessary pain.

The Court's authority in this case to appoint counsel for indigent plaintiff's derives from 28 U.S.C. § 1915(e)(1), which the decision to appoint such counsel is within "the sound discretion of the trial court and is granted only in exceptional circumstances. See Frankiln v. Murphy, 745 F.2d 1221, 1234 (9th Cir. 1984). The same Court held in Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986), that a finding of the exceptional circumstances of the plaintiff seeking assistance of counsel requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims "in light of the complexity of the legal issues involved." Therefore, it would plainly that Cherry meet the threshold requirement that his claims are likely to be of substance, and counsel's assistance is necessary.

WHEREFORE, the Plaintiff, Darryl Lee Cherry, respectfully prays for the reasons stated herein, that the Court appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). The Plaintiff further prays for any other relief the Court may deem just and appropriate in this matter. This Memorandum is brought in good faith and for a just cause. 28 U.S.C. § 1746.

Respectfully submitted,

Dated: 1/5/06

DARRYL LEE CHERRY, pro se
Federal Register No. 07928-078
Federal Correctional Institution
McKean
P.O. Box 8000
Bradford, Pennsylvania  16701

CERTIFICATE OF SERVICE

This is to certify that I have mailed a true and correct copy of this motion to Ms. Christy Wiegand, AUSA, Office of the United States Attorney, Western District of Pennsylvania, U.S. Courthouse and Post Office, 700 Grant Street, Suite 4000, Pittsburgh, Pennsylvania 15219, first class mail, postage prepaid on this 5TH day of January, 2006.   28 U.S.C. § 1746.

                                              DARRYL LEE CHERRY, pro se