IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| DARRYL LEE CHERRY, | ) | |
| Plaintiff, | ) | C.A. No. 04-292-ERIE |
| v. | ) | MAGISTRATE JUDGE BAXTER |
| UNITED STATES OF AMERICA, et al., | ) | |
| Defendants. | ) | |

PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER AND
OPINION ON PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

THE PLAINTIFF, Darryl Lee Cherry, pursuant to Local Rule 72.1.3 B (W.D.Pa. 2004), respectfully submits his Objections to the Magistrate Judge's Order and Opinion on Plaintiff's Motion for Appointment of Counsel entered on January 17, 2006, denying said motion.  The Plaintiff would submit that he is in agreement with the Court's opinion except for the Court drew the wrong conclusions.  The Magistrate Court concluded that (1) the Plaintiff's claims were not sufficiently extraordinary to require counsel to represent him pursuant to 28 U.S.C. § 1915(d); (2) it appears that Plaintiff's claims do not present particularly difficult legal issues; (3) plaintiff has correctly cited the appropriate statutory and constitutional bases for his claim; (4) it appears that plaintiff is literate; (5) factors weight in favor of the denial of appointment of counsel; (5) this case does not appear to require particularly complex credibility determination and; (6) as a pro se litigant plaintiff will have the benefit of Haines v. Kerner, supra, and this may be of more benefit to him than an attorney who is not knowledgeable about prisoner law.  The Magistrate Court's order and opinion is clearly erroneous.

## MAGISTRATE JUDGE'S ORDER AND OPINION DENYING
## COUNSEL SHOULD BE REJECTED IN ITS ENTIRETY AS ERRONEOUS

The Plaintiff contends that 28 U.S.C. § 636(b)(1)(C)(B), provides ten (10) days to submit or file an objections to the Magistrate Judge s Order and Opinion entered on January 17, 2006, denying Plaintiff's Motion for Appointment of Counsel, therefore, Plaintiff's objections are timely admitted. The Plaintiff would first assert that the Magistrate order and opinion is clearly erroneous and should be rejected in its entirety.

The Plaintiff in this particular case is an inmate confined at the Federal Correctional Institution McKean who is suffering from a serious life-threatening, untreatable Hepatitis C Condition, where Defendants in this case have been willfully, wanton, maliciously, and unlawfully deprived him of medical care to treat his condiction; deliberate indifference to his serious medical needs; unsound medical delay and; gross negligence in providing the standard of care under the American Medical Association standards. Cherry throughout litigating this action have received legal assistance from other prisoners, who are not attorney's and are not skilled in the fine prints of the law. This assistance may end at any time. The Plaintiff can not afford the service of an attorney and has sought appointment of counsel through this Court.

Cherry contend that it is well established that indigent civil litigants do not possess a statutory or constitutional right of counsel. See Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). However, this Court have the discretion to appoint counsel under 28 U.S.C. § 1915(e), which provides that a court may request an attorney to represent any such person unable to afford. See 28 U.S.C. § 1915(e); Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002). The Court in this case could utilize its power to appoint counsel by granting

Cherry's Motion for Appointment of Counsel. The Plaintiff in this case is indigent, and the complaint he has brought before the Court clearly states a non frivolous, prima facie case, with merits in fact and law, and the already established evidence indicates more than a slim chance of success on the merits. However, Cherry's claims will require investigation, experts depositions, and testimony, and should there be a trial in this case, counsel's assistance would certainly be necessary. Generally, the Third Circuit has interpreted § 1915 to grant District Courts broad discretionary power in determining whether counsel should or should not be appointed. Tabron v. Grace, 6 F.3d 147, 153-55 (3d Cir. 1993). In this case, Cherry has demonstrated that his case does have "some merits in fact and law." Further, Cherry would like to bring to the Court's attention is that he is losing his eyesight, and has other serious health problems that may warrant hospitalization. With Plaintiff's illnesses, and the substandard care he is receiving, and no medical care for his Hepatitis C condition which would be a substantial prejudice to him, resulting from Cherry's inability without further prisoner legal assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." See Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984). All of the facts articulated in this case, was done by other prisoners, and the Plaintiff will not beable to undertake his own factual inquiry or obtain medical expert testimony.

   WHEREFORE, the Plaintiff prays for the reasons stated above that the Court enter an order rejecting the Magistrate Judge's Order and Opinion Denying his Motion for Appointment of Counsel, and to grant his Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e). In the alternative, the Plaintiff respectfully prays the Court will hold the determination of this motion in abeyance for further proceedings to determine whether counsel appointment is

necessary and appropriate. Plaintiff's objections is brought in good faith and for a just cause.

Dated: 1/23/06

Respectfully submitted,

*[signature]*
DARRYL LEE CHERRY, pro se
Federal Register No. 07928-078
Federal Correctional Institution McKean
P.O. Box 8000
Bradford, Pennsylvania  15701

## CERTIFICATE OF SERVICE

This is to certify that I have mailed a true and Correct copy of Plaintiff's Objections to Ms. Christy Wiegand, AUSA, Office of the U.S. Attorney, Western District of Pennsylvania, U.S. Courthouse & Post Office, 700 Grant Street, Suite 4000, Pittsburgh, Pennsylvania 15219, first class mail, postage prepaid on this 23 day of January, 2006. 28 U.S.C. § 1746.

*[signature]*
DARRYL LEE CHERRY, pro se